FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 0 3 2022

TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSASS
DELTA DIVISION

BARBARA MARSHALL                                                                PLAINTIFF

VS.                    CASE NO. 2:22-cv-201-BSM

CITY OF HELENA-WEST HELENA,
BOBBY JONES, in both his Individual and
Official Capacity                                                                DEFENDANTS

**COMPLAINT**

This case assigned to District Judge Miller
and to Magistrate Judge Volpe

**COMES NOW** THE PLAINTIFF, **BARBARA MARSHALL**, by and through counsel, **SUTTER & GILLHAM, P.L.L.C.**; and, for this Complaint, she states:

## PARTIES AND JURISDICTION

1. Plaintiff was employed by Defendant City of Helena-West Helena, in Phillips County, Arkansas. She is a resident of Phillips County, Arkansas, and the events leading to this cause took place in Phillips County.

2. Defendant City of Helena-West Helena is a municipal corporation organized under the laws of the State of Arkansas. Defendant Bobby Jones is an individual who was plaintiff's supervisor and terminated her. Their activities substantially impact interstate commerce.

3. This case is brought for violation of the Family Medical Leave Act, the Arkansas Whistleblower Protection Act, 42 U.S.C. § 1983, and Section 105 of the Arkansas Civil Rights Act, for an amount exceeding that required for diversity jurisdiction. There is federal question jurisdiction, and supplemental jurisdiction over the state law claims as they arise out of the same operative set of facts.

## FACTS

4. Plaintiff began working for Defendant in 2018.

5. At all times, Plaintiff performed her work as a satisfactory employee.

6. Defendant, Helena/West-Helena, has employed more than 50 people during more than twenty (20) weeks of the year within 75 miles of Plaintiff's worksite, at all times in 2019-2020.

7. In June of 2020, Plaintiff had worked for Defendant for more than a year and had worked more than 1250 hours in the preceding year.

8. While Plaintiff was employed, she observed various waste, fraud, abuse, and violations of law. This included theft of city property by city employee, employees drinking on the job, and employees driving city vehicles on city time, under the influence of alcohol.

9. Plaintiff reported these things to her superiors. An investigation was occurring. She participated in that investigation.

10. On June 24, 2020, a pallet of boxes fell on Plaintiff injuring her low back and pelvic area.

11. Plaintiff was taken via ambulance to the ER, from work; and, Defendant, Bobby Jones knew this.

12. Plaintiff saw a physician, who gave her prescription medications, and conducted imaging scans of her. He prescribed her further use of prescription medications, and directed her to follow-up with per PCP. However, but released her return to work on June 26, 2020. She gave that Work Release to Defendants the same day she was discharged from the hospital.

13. Defendant, Jones, was aware that Plaintiff had reported the misconduct which was the subject of an ongoing investigation.

14. Defendant, Jones, was aware that Plaintiff had hurt herself, while performing her job duties, had been seen at the hospital and referred to follow up with a physician.

15. Plaintiff returned to work with her Doctor's Release.

16. On June 26, 2020, Defendant, Jones, fired her, stating that her services were no longer needed.

17. Plaintiff then went to a physician who prescribed a period of physical therapy, four (4) times a week, for which she would have needed "leave" to attend and obtain treatment, and under whose supervision she took prescription medications.

18. Defendants failed to provide Plaintiff the necessary, appropriate, and timely notice as her rights and obligations under the FMLA.

19. Plaintiff was due to protected activities.

## COUNT I - Whistleblower Act

20. Plaintiff restates the foregoing as if fully stated herein.

21. By virtue of the facts alleged herein, Plaintiff reported violations of the law, waste, fraud, and abuse, in a timely manner to her immediate supervisors and participated in the investigation. As such, she was fired for doing so in violation of the Whistleblower Act by Defendant, Helena/West Helena.

22. As a result, Plaintiff lost wages, future earnings and benefits.

## COUNT II - 42 U.S.C. § 1983 and Ark. Code Ann. 16-123-105

23. Plaintiff restates the foregoing as if fully stated herein.

24. By virtue of the facts alleged herein, Plaintiff spoke out on matters of public concern, consistent with her rights under the United States and Arkansas Constitutions. Defendants fired her for doing so, in violation of the 42 U.S.C. §1983 and Ark. Code Ann. 16-123-105.

25. As a result, Plaintiff lost wages, earning potential, benefits, endured mental, emotional, and physical suffering and embarrassment, medical bills.

26. The individual Defendants' conduct were willful, malicious, intentional and in violation of the law, meriting punitive damages.

## COUNT III - FMLA

27. Plaintiff restates the foregoing as if fully stated herein.

28. By virtue of the facts alleged herein, Plaintiff was an eligible employee, working for a covered employer, with a serious health condition, who gave appropriate notice of her need for time off, and was fired for taking time off in violation of the FMLA by all Defendants.

29. As a result, Plaintiff lost wages, earning capacity and benefits.

## COUNT IV - CLAIM BASED ON FALSE ALLEGATIONS OF TERRORISTIC THREATENING

30. Plaintiff restates the foregoing as if fully stated herein.

31. Shortly after her termination, Defendant, Bobby Jones, filed a written statement to the Police and to the City, claiming that Plaintiff called him on the Sunday following her termination and threatened him. This resulted in the statement being placed in her personnel file and criminal charges filed against her for terroristic threatening. These statements were false. There cannot have been a mistake, so it is intentional misconduct, motivated by the same ill-animus that was the basis for Bobby Jones' termination of her only days before. Indeed, his written statement discusses various protected activities of the Plaintiff.

32. Because this was an intentionally false statement, it was not privileged.

33. By virtue of the facts alleged herein, Defendants have committed libel, abuse of process, malicious prosecution, and violated 42 U.S.C. § 1983 and the Arkansas Civil Rights Act, Section 105.

34. As a result, Plaintiff lost wages, earning capacity and benefits, endured mental, emotional, and physical suffering and embarrassment, damage to her reputation, and medical bills.

35. The individual Defendants' conduct was willful, malicious, and an intentional violation of the law, warranting the imposition of punitive damages.

## JURY DEMAND

36. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, **BARBARA MARSHALL**, prays for the following relief: back pay and benefits, front pay and benefits, liquidated damages under the FMLA, compensatory and punitive damages in an amount exceeding $75,000.00, to be decided by a jury, reinstatement, a positive reference, designation as re-hirable, an apology, posting of the lawsuit and any verdict at the job site, cleansing of her file, training for managers, and other injunctive relief, reasonable attorney's fees and costs, declaratory relief that defendants violated the law, and a jury trial on all matters so triable.

Respectfully submitted,

By: _____
Lucien R. Gillham, ARBN 99199
**SUTTER & GILLHAM, P.L.L.C.**
Attorneys at Law
1501 N. Pierce, Ste. 105
Little Rock, AR 722087
501/315-1910  Office
501/315-1916  Facsimile
Attorney for the Plaintiff
lucien.gillham@gmail.com
*Counsel for Plaintiff*