### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF ARKANSAS
### DELTA DIVISION

**BARBARA MARSHALL**                                                                                  **PLAINTIFF**

v.                                        **CASE NO. 2:22-CV-00201 BSM**

**CITY OF HELENA-WEST HELENA,** *et al.*                                         **DEFENDANTS**

### ORDER

Defendants' motion to strike certain of Barbara Marshall's exhibits [Doc. No. 39] is denied because the exhibits at issue, several depositions taken in *Lenore v. City of Helena-West Helena*, Case No. 2:22-cv-00052 (E.D. Ark.) (the "*Lenore* depositions"), are admissible under the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 32(a)(8) allows depositions taken in previous cases to be used in "a later action involving the same subject matter between the same parties, or their representatives or successors in interest, to the same extent as if taken in the later action," and also "as allowed by the Federal Rules of Evidence. Fed. R. Civ. P. 32(a)(8). The *Lenore* depositions do not fall within the first category by which a previously taken deposition may be used because the plaintiffs and much of the subject matter differ between this case and the *Lenore case.* They do, however, fall within the second category because they are admissible under the Federal Rules of Evidence.

Federal Rule of Evidence 804(b)(1) makes admissible testimony given by a witness at a lawful deposition, including in a different case, which is offered against a party who had an opportunity and similar motive to develop the testimony through direct or cross-

examination, if the witness is unavailable for trial. The *Lenore* case was brought by Patricia Lenore against the City of Helena-West Helena and its then-mayor for alleged employment discrimination and retaliation. *See* Compl., Doc. No. 1 (*Lenore v. City of Helena-West Helena*). That case is factually intertwined with this one: Lenore testified in her deposition that she was retaliated against for providing information in Marshall's first case and for not cutting off her relationship with Marshall, *see* Deposition of Patricia Lenore 61:18–64:14, Doc. No. 27-5, and deponents in the *Lenore* case testified about many events at issue in this case. *See generally id.*; Deposition of Bernice Miller, Doc. No. 27-2; Deposition of Kevin Smith, Doc. No. 27-3; Deposition of Helen Halbert, Doc. No. 27-6. Moreover, all of those deponents are identified in Marshall's initial disclosures as potential witnesses. Resp. Mot. Strike Ex. H, Doc. No. 45-6.

Defendants were represented in the *Lenore* depositions by their current firm, the Arkansas Municipal League, and had the opportunity to develop testimony through direct or cross-examination. They also had a similar motive to do so. First, the *Lenore* case, like this one, involved a City employee alleging wrongdoing in the City's employment practices. *See* Compl. ¶¶4–25, (*Lenore v. City of Helena-West Helena*). Second, defendants were aware that Marshall had listed the deponents as witnesses, *see* Resp. Mot. Strike Ex. H, and that their testimony touched on matters at issue in this case, which was ongoing at that time. *See McKnight ex rel. Ludwig v. Johnson Controls, Inc.*, 36 F.3d 1396, 1410 (8th Cir. 1994) (deposition testimony of plaintiff who brought prior suit against manufacturer for defect in same product admissible). For these reasons, the *Lenore* depositions would be admissible

at trial if the witnesses are unavailable.  The depositions are therefore admissible evidence.

IT IS SO ORDERED this 6th day of June, 2024.

_____
UNITED STATES DISTRICT JUDGE